## Commonwealth v. Stine

*J. Manley Robbins*, district attorney, for Commonwealth.

*J. Mettler Pensyl*, for defendant.

EVANS, P. J., April 23, 1934.—This is an appeal from a summary conviction of the defendant before a justice of the peace in the Borough of Danville, this county, for the unlawful operation of a motor vehicle on the State highway, route no. 154, in Liberty Township, this county, on January 5, 1934, without registration plates for said year.

Section 1201 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, provides:

"Informations, charging violations of any of the summary provisions of this act, shall be brought before the magistrate nearest to the point where the alleged violation occurred, or a magistrate within the city, borough, incorporated town, or township where the alleged violation occurred. . . ."

There is no dispute about the facts in this case. The defendant operated his automobile on the State highway, route no. 154, in Liberty Township, this county, on January 5, 1934, without registration plates for the year 1934. Sergeant Flick of the State Highway Patrol saw him and lodged information before A. H. Klase, a justice of the peace in the Borough of Danville, on January 6, 1934. The parties appeared before the justice of the peace on January 19th and, at the request of the defendant, the hearing was continued to January 22d. When the parties appeared, the defendant's counsel challenged the jurisdiction of the justice of the peace to hear and determine the case, because the viola-

tion of The Vehicle Code occurred in Liberty Township, this county, and not in the Borough of Danville, and because the suit had not been brought before the magistrate (justice of the peace) nearest to the point where the alleged violation occurred. After hearing, the defendant was adjudged guilty and a fine of $10 and costs to the amount of $2.50 were imposed. The same day the defendant appealed. The case came on for hearing March 3rd. The testimony discloses that the violation of The Vehicle Code of 1929 occurred in Liberty Township, this county, more than 4 miles distant from the office of the justice of the peace in the Borough of Danville; and that the violation of the law occurred within 2 miles of the office of Woodward Stephens, a justice of the peace in Liberty Township. The prosecution should have been brought in Liberty Township, this county, before Woodward Stephens, the nearest justice of the peace to the point where the violation of the law occurred.

The provisions of The Vehicle Code of 1929, with respect to prosecutions for violations thereof, are mandatory and must be followed: Commonwealth v. Weinstock, 46 York 117; Commonwealth v. Henry, 14 D. & C. 651.

And now, April 23, 1934, after due consideration, the defendant's appeal is sustained, and the judgment and conviction of the justice of the peace are set aside and reversed.                    From L. G. Rarig, Danville, Pa.